1 | BETH A. HUBER (SBN 184702)
2 | THE HUBER LAW FIRM
    | 1104 Lincoln Ave.
3 | San Rafael, California 94901
    | Telephone: (415) 456-4411
4 | Facsimile: (415) 453-8269

Attorneys for Plaintiffs
ROSE CAMP and BEVERLY MARTINETS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ROSE CAMP and BEVERLY MARTINETS, )   NO. C 05 4433 WHA
                                  )
           Plaintiffs,            )   [PROPOSED] ORDER ON PLAINTIFFS'
                                  )   DISCOVERY REQUESTS
    vs.                           )
                                  )   Complaint filed: September 26, 2005
THE CULINARY INSTITUTE OF         )
AMERICA, and Does 1 through 10, inclusive, )   Hearing Date: May 17, 2006
                                  )   Time:         2:00 p.m.
           Defendants.            )
                                  )
_____)

    Plaintiffs' Letter Brief requesting Defendant respond to discovery pertaining to compensation information for positions/employees comparable to Plaintiffs came on for telephonic hearing on May 17, 2005 at 2:00 p.m. before the Honorable William Alsup. Representing Plaintiffs Rose Camp and Beverly Martinets was Beth A. Huber, Esq. and representing Defendant the Culinary Institute of America ("Defendant") was Lindsey Urbina, Esq.

    After reviewing the letters and exhibits and considering the arguments of counsel, and good cause appearing therefore,

1

**IT IS HEREBY ORDERED THAT:**

1. Defendant produce job descriptions for all positions and resumes for all employees identified in Plaintiffs' May 17, 2006 letter to Defendant as attached hereto as Exhibit A.

2. After Plaintiffs receive the information described in No. 1 above, each must identify one position/employee from Exhibit A which she feels is most comparable to her respective position previously held while employed with Defendant on the basis of duties, responsibilities and minimum qualifications.

3. Once Plaintiffs identify the closest comparable position for each of their respective positions, Defendant is ORDERED to produce compensation (salary and benefits) information for the two individuals employed in those respective positions during the time Plaintiffs were employed with Defendant.

4. Defendant reserves the right to make a motion to the Court for determination of whether the two individuals selected by Plaintiffs held positions requiring "equal skill, effort and responsibility, and which are performed under similar working conditions." *See* Cal.Lab. Code section 1197.5(a).

5. If the Court concurs with Defendant that the two positions selected by Plaintiffs do not meet the legal standard for on unequal pay claim, Plaintiffs will not be entitled to select alternate or additional employees to whom to compare themselves other than the employees immediately preceding and succeeding them in their own positions as set forth in paragraph 6 below. Nor will Plaintiffs be able to introduce evidence of the compensation, job duties or qualifications of the two employees they selected pursuant to paragraph 2 of this Order in any further proceeding in this action.

6. Defendant is ORDERED to produce job descriptions, resumes and compensation information (including salaries and benefits) for each of Plaintiffs' predecessors and successors to their respective positions;

7. All resume and salary information for current and former employees of Defendant produced pursuant to this Order is private and confidential and will be produced pursuant to protective order of the Court.

Defendant must produce the information described in paragraphs 1 and 6 of this Order as expeditiously as possible with the goal of producing such information by Friday May 19, 2006 prior to mediation in this matter.

APPROVED AS TO FORM:

MILLER LAW GROUP

Date: May 24, 2006

BY: _____
Lindsey Urbina, Esq.
Counsel for DEFENDANT THE CULINARY INSTITUTE OF AMERICA

IT IS SO ORDERED:

DATED: May. 25, 2006

APPROVED
Judge William Alsup

_____
Judge William Alsup
Judge of the Northern District of California Court

3

[PROPOSED] ORDER ON PLAINTIFFS' DISCOVERY REQUESTS